UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00213-JRS-CSW |
| OFFICER LISA ARMSTRONG, et. al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF STACY SMITH'S ANSWERS AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Stacy Smith, provides the following Answers and Objections to Defendants' Interrogatories.

**PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

The following preliminary statements and general objections apply to each of Defendants' Interrogatories and are expressly incorporated into Plaintiff's Answer to each Interrogatory regardless of whether any particular objections are made with respect to a specific Interrogatory.

1. Plaintiff objects to each Interrogatory, including all definitions and instructions, to the extent that each Interrogatory seeks to impose obligations on Plaintiff greater than or more extensive than those required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to each Interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable constitutional, statutory, or common law privilege, doctrine, immunity, or rule.

3. Plaintiff objects to each Interrogatory to the extent it seeks information that is not within the possession, custody or control of the Plaintiff.

4. Plaintiff reserves the right to object to future discovery on the same or related matters and does not waive any such objections by providing the information set forth in these answers. Plaintiff further reserves the right to object to the admissibility of any of its answers, the documents and things produced with its answers, or related matters in full or in part at trial or any other hearing in this action, on any ground, including but not limited to materiality and relevance.

5. Plaintiff has not completed discovery in this action and thus objects to each Interrogatory to the extent that the Interrogatory seeks information not currently available to Plaintiff. All answers to these Interrogatories are based on information presently known and available to Plaintiff. Further discovery, investigation, review of records, research, and analysis may reveal additional responsive material. Plaintiff reserves the right to supplement its answers.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name, address, and phone number each and every person providing information that was used in answering these Interrogatories and their relationship to the Plaintiff.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory to the extents it seeks information protected from disclosure by the attorney client privilege, the work product doctrine, or other applicable doctrine or privilege.

Subject to and without waiving any objections, Plaintiff states that Plaintiff's counsel and Plaintiff prepared these responses.

**INTERROGATORY NO. 2:** Please state your:

    (a) Full legal name;

    (b) Aliases and other names used;

    (c) Date of birth;

  (d)  Social Security Number;

  (e)  Driver's License Number; and

  (f)  Residence addresses for the past five (5) years.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overly broad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Subject to and without waiving any objections, Plaintiff states:

  (a)  Stacy Lynn Smith

  (b)  None

  (c)  09/23/1982

  (d)  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

  (e)  1040-65-9344

  (f)  5171 E. US Hwy 40, Straughn, IN 47387

**INTERROGATORY NO. 3:** Identify all sources and amounts of income you received in the last five (5) years, including but not limited to wages, interest income, unemployment, disability, or other benefits, earned income, passive income, investment income, capital gains, and income received from any internet, social media, photograph or video sharing, blogging, vlogging, messaging, chat, or networking websites and/or applications.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is vague, overbroad, and unduly burdensome as it seeks "all sources and amounts of income." Plaintiff further objects to this Interrogatory to the extent this Interrogatory seeks information not relevant to any party's claims or defenses.

Subject to and without waiving any objections, Plaintiff states she has not worked since 2017 and has not received any income in the last five years. Plaintiff further states that discovery is ongoing, and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 4:** Identify any physician, surgeon, chiropractor, psychiatrist, psychologist, counselor, or other healthcare provider from whom you received any examination or treatment as a result of or related to any acts or omissions of Defendants as alleged in the Complaint?

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information beyond a relevant time period and scope reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objections, Plaintiff refers Defendant to her medical records. Plaintiff further states that discovery is ongoing, and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 5:** Please give an account, itemized as fully and as carefully as you can, of all losses and expenses which you claim were incurred by you as a result of or related to any acts or omissions of Defendants as alleged in the Complaint.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff's objects to this Interrogatory on the grounds the Interrogatory is overbroad, unduly burdensome, and seeks information that may not yet be fully known or determined, particularly with respect to future expenses. Plaintiff objects to this Interrogatory to the extents it seeks information protected from disclosure by the attorney client privilege, the work product doctrine, or other applicable doctrine or privilege.

Subject to and without waiving any objections, Plaintiff will supplement this Answer with any relevant, non-privileged and responsive documents.

**INTERROGATORY NO. 6:** Identify any and all communication between you and any other person related to the acts or omissions of Defendants as alleged in the Complaint.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff also objects to this Interrogatory to the extents it seeks information protected from disclosure by the attorney client privilege, the work product doctrine, or other applicable doctrine or privilege. Plaintiff further objects on the grounds that this Interrogatory seeks information equally available to Defendants, including but not limited to documents in Defendants' possession, custody, and control.

Subject to and without waiving any objections, Plaintiff states she sent an email to Sheriff John Sproles of the Henry County Sherriff's Department on March 4, 2023. Plaintiff further states that discovery is ongoing, and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 7:** Identify any and all communication between you and any other person related to the Henry County Sheriff's Office or any past or present employees thereof.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff also objects to this Interrogatory to the extents it seeks information protected from disclosure by the attorney client privilege, the work product doctrine, or other applicable doctrine or privilege. Plaintiff further objects on the grounds that this Interrogatory seeks information equally available to Defendants, including but not limited to documents in Defendants' possession, custody, and control.

Subject to and without waiving any objections, Plaintiff refers Defendants to her Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8:** Identify by username, profile name and/or page name all accounts on any internet, social media, photograph or video sharing, blogging, vlogging, messaging, chat, or networking websites and/or applications that you have used, maintained, or controlled (in whole or in part) in the last three (3) years, including, but not limited to, Facebook, LinkedIn, X (formerly known as Twitter), Threads, Truth, Gab, Parler, Hive Social, Bluesky, Instagram, YouTube, TikTok, Pinterest, Medium, Substack, Google+, Reddit, Discord, Snapchat, Shutterfly, Tumblr, Flicker, Skype, Zoom, FaceTime, WhatsApp, WeChat, etc.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on grounds the Interrogatory seeks information that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any objections, Plaintiff states she has a Facebook account under her name "Stacy Lynn Smith," and her Instagram username is staciablues82.

**INTERROGATORY NO. 9:** Identify all e-mail addresses used, maintained, or controlled (in whole or in part) by you in the last three (3) years.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on grounds the Interrogatory seeks information that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any objections, Plaintiff states her email is staciablues82@gmail.com.

**INTERROGATORY NO. 10:** Identify all comments, videos, blogs, or other posts made or contributed to by you in the last three (3) years on any internet, social media, photograph or video sharing, message boards, chat rooms, or networking websites or applications that refer to the Henry County Sheriff's Office or any past or present employees thereof.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on grounds the Interrogatory seeks information that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any objections, Plaintiff states she has never created or contributed to any comments, videos, blogs or other posts that refer to the Henry County Sheriff's Office.

**INTERROGATORY NO. 11:** Identify all steps taken to preserve materials that are discoverable under Fed.R.Civ.P. 26(b), including any alterations to routine operations of an electronic information system.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory to the extents it seeks information protected from disclosure by the attorney client privilege, the work product doctrine, or other applicable doctrine or privilege.

Subject to and without waiving any objections, Plaintiff states that upon the initiation of litigation, Plaintiff and Plaintiff's counsel took reasonable steps to preserve discoverable materials.

**INTERROGATORY NO. 12:** If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on grounds the Interrogatory seeks information that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any objections, Plaintiff refers Defendants to the following:

- State of Indiana v. Stacy L Smith; Case No. 33C02-2303-F6-000082
- State of Indiana v. Stacy Smith; Case No. 89D03-2112-CM-000905
- State of Indiana v. Stacy L Smith; Case No. 33C03-1911-IF-004138
- State of Indiana v. Stacy L Smith; Case No. 33C03-1407-CM-000446
- State v. Stacy Smith; Case No. 33C03-0403-CM-000195
- State v. Stacy Smith; Case No. 33C03-0207-CM-000487

**INTERROGATORY NO. 13:** If you have ever been a party to a tort claim or lawsuit please identify the nature of the claim or lawsuit, including the time and place of the occurrence giving rise to the claim or lawsuit, the names of the other parties to the claim or lawsuit, the court or agency in which the claim or lawsuit was filed, the date on which the claim or lawsuit was filed, and the disposition of the claim or lawsuit.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory on grounds the Interrogatory seeks information that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving any objections, Plaintiff states none.

**INTERROGATORY NO. 14:** Identify each lay witness who will provide testimony to support any of Plaintiff's allegations contained in the Complaint at any contested hearing or trial, and for each such witness please provide the following:

    a.    the person's name

    b.    business address and telephone number;

    c.    home address and telephone number;

    d.    the subject matter in which each such person is expected to testify; and

    e.    the substance to which each person is expected to testify.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is premature as it requires identification of witnesses prior to the completion of discovery. Plaintiff will supplement this response as discovery progresses and in accordance with scheduling orders.

**INTERROGATORY NO. 15:** Identify each expert witness who will provide testimony to support any and all Plaintiff's allegations contained in the Complaint at any contested hearing or trial, and for each such witness please provide the following:

    f.    the person's name

    g.    business address and telephone number;

    h.    home address and telephone number;

    i.    the subject matter in which each such person is expected to testify; and

    j.    the substance to which each person is expected to testify.

**ANSWER:** Plaintiff incorporates her Preliminary Statement in her response. Plaintiff objects to this Interrogatory on grounds the Interrogatory is premature as it requires identification

of witnesses prior to the completion of discovery. Plaintiff will supplement this response as discovery progresses and in accordance with scheduling orders.

| | |
|---|---|
| Dated: August 4, 2025 | Respectfully submitted,<br><br>FAEGRE DRINKER BIDDLE & REATH LLP<br><br>/s/   *Bianca M. Eddy*<br>Bianca M. Eddy, Attorney #35911-49<br>Eleanor Klemsz, Attorney #38917-49<br>Patrick H. Reilly, Attorney #28739-49<br>300 N. Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300<br>Facsimile: (317) 237-1000<br>bianca.eddy@faegredrinker.com<br>eleanor.klemsz@faegredrinker.com<br>patrick.reilly@faegredrinker.com<br><br>*Attorneys for Plaintiff, Stacy* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, a copy of the foregoing was served via email on all counsel of record.

*/s/ Bianca M. Eddy*